IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| MOSES LEE KING, #567540 | § | |
| VS. | § | CIVIL ACTION NO. 6:09cv135 |
| THOMAS ALEXANDER | § | |

MEMORANDUM OPINION AND
ORDER OF PARTIAL DISMISSAL

Plaintiff Moses Lee King, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983 against Officer Thomas Alexander. The complaint was transferred to the undersigned pursuant to 28 U.S.C. § 636(c). The present Memorandum Opinion concerns the Defendant's motion for partial summary judgment (docket entry #46), along with the Plaintiff's response (docket entry #58).

Facts of the Case

The original complaint was filed on March 24, 2009. The Plaintiff alleged that he was the victim of excessive use of force. After reviewing the complaint, the Court decided to conduct an evidentiary hearing, consistent with *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to consider the Plaintiff's claims. The hearing was conducted on June 10, 2009. A *Spears* hearing is a proceeding which allows a litigant to offer sworn testimony in support of his allegations. The Fifth Circuit has stated that a *Spears* hearing is appropriate "to dig beneath the conclusional allegations; to reduce the level of abstraction upon which the claims rest; to ascertain exactly what scenario the prisoner claims occurred, as well as the legal basis for the claim." *Id.* at 180. The hearing is "in the nature of a motion

for more definite statement." *Id.* at 180-181. It serves to implement the congressional intent of meaningful access to court for indigent litigants, and also to allow the district court to winnow out the wheat from the unusual amount of chaff necessarily presented in a system which fosters *pro se* litigation. *Wilson v. Barrientos*, 926 F.2d 480, 482 (5th Cir. 1991) (*citing Watson v. Ault*, 525 F.2d 886, 890 (5th Cir. 1975). Warden Dewayne Dewberry, Nurse Tara Patton and Regional Grievance Officer Edith Petty testified under oath concerning prison policies and information contained in the Plaintiff's records.

The use of force incident occurred at the Coffield Unit on or about March 2, 2008. The Plaintiff was an inmate barber at the Coffield Unit. When he started home from work, he realized that he had left his cup in the barber shop. He went back to get it, but he was not allowed to go back. Defendant Alexander forced him to strip naked. The Plaintiff stated that the search lasted ten minutes. He finally asked to speak to a ranking officer. He turned around, and Alexander slammed him on the ground. The Defendant placed his hand in the Plaintiff's mouth. He accused the Plaintiff of having contraband, but the Plaintiff did not have contraband in his possession. The Plaintiff was charged with possession of marijuana. A urinalysis came back negative, and then the Plaintiff was charged with disobeying an order. He was found guilty, but the disciplinary case was overturned on appeal. With respect to injuries, the Plaintiff testified that he was slammed on his shoulder. He is still having problems with his shoulder. He has been sent to John Sealy Hospital in Galveston for his injuries and has received steroid shots. In the original complaint, the Plaintiff stated that he wants the Defendant to pay for "what he mess[ed] up."

Nurse Patton testified from the Plaintiff's medical records. He initially denied that he sustained any injuries, but he asserted later that his shoulder was injured. She confirmed that the Plaintiff has received steroid shots. X-rays reveal that he may have pinched nerves from his neck to his shoulder.

### Defendant's Motion for Partial Summary Judgment

The Defendant filed a motion for partial summary judgment (docket entry #46) on November 10, 2009. He noted that the Plaintiff is asking for compensatory damages. He argued that he is entitled to Eleventh Amendment immunity to the extent that the Plaintiff is suing him for damages for actions taken in his official capacity. The Defendant did not raise any other issues.

### Plaintiff's Response

The Plaintiff filed a response (docket entry #58) on December 10, 2009. He asserted that the Defendant used excessive force against him while acting in his official capacity. He went on to argue that the Defendant should not be granted summary judgment based on qualified immunity. It is noted that the Defendant did not raise the defense of qualified immunity. The Plaintiff did not address the issue of Eleventh Amendment immunity.

### Discussion and Analysis

Summary judgment is proper when the pleadings and evidence on file show that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party for summary judgment has the burden of proving the lack of a genuine issue as to all the material facts. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Galindo v. Precision American Corp.,* 754 F.2d 1212, 1221-23 (5th Cir. 1985).

In deciding a motion for summary judgment, the Court must make a threshold inquiry in determining whether there is a need for a trial. "In other words, whether there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material

fact." 477 U.S. at 247-48. In making this threshold inquiry, the Court must consider that "[s]ummary judgment is proper when, viewed in the light most favorable to the non-moving party, the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." *Smith v. Xerox Corp.,* 866 F.2d 135, 137 (5th Cir. 1989) (citations omitted); Fed. R. Civ. P. 56(c).

Once the movants make a showing that there is no genuine material fact issue to support the nonmovant's case, the nonmovant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Utilities, Inc.,* 847 F.2d 186, 199 (5th Cir.), *cert. denied*, 488 U.S. 926 (1988); *see also Celotex*, 477 U.S. at 324. Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the nonmovant must present evidence sufficient to support a resolution of the factual issues in his favor. *Anderson*, 477 U.S. at 257. Summary judgment is proper if the affidavits, depositions, answers, and admissions on file fail to establish the existence of an element essential to the plaintiff's case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23. The nonmovant must submit competent summary judgment evidence sufficient to defeat a properly supported motion for summary judgment. *See, e.g., Burleson v. Texas Dept. of Criminal Justice*, 393 F.3d 577, 589-90 (5th Cir. 2004); *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 755 (5th Cir. 2001).

In the present case, the Defendant argued that he is entitled to Eleventh Amendment immunity. The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham*, 473 U.S. 159, 167 (1985). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police*, 491 U.S. 58, 71

4

(1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity." *Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002). The Defendant is entitled to summary judgment to the extent that the Plaintiff has sued him in his official capacity for damages. It is noted that the Plaintiff may still proceed with his claims against the Defendant for damages for actions taken in his individual capacity, as opposed to his official capacity. It is therefore

**ORDERED** that the Defendant's motion for partial summary judgment (docket entry #46) is **GRANTED** and the Plaintiff's claims against the Defendant for damages for actions taken in his official capacity are **DISMISSED** with prejudice.

**So ORDERED and SIGNED this 14th day of December, 2009.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE